IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RALPH D. HUSTON AND CHRISTINA HUSTON, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. 4:12-cv-03735 |
| U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST 2007-WFHE4, ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2007-WFHE4 AND STATE FARM LLOYDS, INC., f/k/a STATE FARM LLOYDS OF TEXAS, INC., | § § § § § § § § § | |
| *Defendants*. | § | |

**U.S. BANK NATIONAL ASSOCIATION'S MOTION TO EXPUNGE *LIS PENDENS***

NOW COMES U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust 2007-WFHE4 ("Bank" or "Defendant"), and respectfully moves this Court for an order expunging the *lis pendens* filed by Plaintiffs and in support of same respectfully show the Court as follows:

**PROCEDURAL BACKGROUND**

1.  This lawsuit filed by the Plaintiffs is their second lawsuit to delay a foreclosure sale of the Property located at 16519 Town Lake Court, Houston, Harris County, Texas 77059. On April 26, 2007, Wells Fargo Bank, N.A., the Bank's assignor and loan servicer, extended a home equity loan to the Plaintiffs, secured by a lien on their property (the "Security Instrument"). Under both the Security Instrument (which included a power of sale) and Texas law, the Bank had a choice of remedies in the event of a default, including both a formal suit for judicial foreclosure and an expedited proceeding under Texas Rule of Civil Procedure 736.

When the Plaintiffs defaulted, the Bank opted for filing an application under Rule 736 for an order allowing foreclosure. [Dkt. 33; App. 43 – 83]. In response, the Plaintiffs filed a counterclaim in the Rule 736 proceeding and also filed a separate lawsuit ("Huston I") challenging the Bank's right to foreclose. [Dkt. 33; App. 125 – 136]. Under the Texas rules, the new lawsuit had the effect of automatically abating the Rule 736 proceeding, which was then dismissed, including the Plaintiffs' counterclaim. [Dkt. 33; App. 137 – 139]. The Plaintiffs appealed the dismissal, but it was upheld on appeal, paving the way for Huston I to proceed.

2.  In Huston I, the Plaintiffs alleged that the Bank did not hold the note, that the assignment of the Security Instrument was invalid, and that the loan violated the Texas Constitution. [Dkt. 33; App. 131 – 136]. The court granted summary judgment for the Bank in Huston I, dismissing with prejudice all of the Plaintiffs' challenges to the Security Instrument. [Dkt. 33; App. 160 – 169]. The Bank considered seeking judicial foreclosure in Huston I, and even filed a motion for leave to amend its pleading to seek a declaration that it was entitled to foreclose. [Dkt. 13]. The Plaintiffs objected to this motion, contending, among other things, that the Bank's right to foreclose was an issue for the state courts and that the Bank "would have to bring a further action in state district court in order to foreclose." [Dkt. 15]. The district court in Huston I denied the motion for leave, in part because the request for an order allowing foreclosure in that case was "not necessary for [the Bank] to obtain full relief." [Dkt. 17 at pp. 6 – 7]. The Bank later withdrew its request, notifying the Plaintiffs and the court that it intended to later pursue another Rule 736 proceeding. [Transcript of February 14, 2012 hearing on Defendant's Motion for Summary Judgment, p. 3, lines 19 – 20].

3.  The summary judgment against the Plaintiffs in Huston I cleared the way for the Bank to proceed with a second Rule 736 application in state court, which it did. [Dkt. 33, 170 –

179]. Since the Plaintiffs' challenges to the Security Instrument had already been adjudicated against them, there was no legitimate basis for the Plaintiffs to challenge the new Rule 736 proceeding. But the Plaintiffs took advantage of the automatic abatement under the Texas rules by filing a second lawsuit (Huston II), which is the instant action, even though they could no longer challenge the Security Instrument. [Dkt. 1 – 4]. In Huston II, the Plaintiffs sought only a declaration that the Bank was prevented from foreclosing because it failed to ask for a judicial foreclosure in Huston I. [*Id,*]. In order to prevent an unending cycle of Rule 736 applications and lawsuits, the Bank counterclaimed for an order allowing foreclosure. [Dkt. 14]. On December 19, 2013, this Court granted the Bank's summary judgment motion, dismissed Plaintiffs' claim, and provided an order permitting the Bank to foreclose (the "Order"). [Dkt. 42].

4. Thereafter, the Plaintiffs appealed this Court's order. On October 15, 2014, the United States Court of Appeals for the Fifth Circuit affirmed this Court's decision to award summary judgment to the Bank and dismiss Plaintiff's claim. [Dkt. 00512803803]. Subsequently On November 19, 2014, the Fifth Circuit Court of Appeals denied Plaintiffs' Petition for Rehearing and Plaintiffs' Petition for Rehearing En Banc. [Dkt. 00512842302].

5. Nevertheless, on November 26, 2014, Plaintiffs filed a *lis pendens* under Instrument No. 20140532603 in the Real Property Records of Harris County, Texas ("*Lis Pendens*")

## SUMMARY OF RELIEF SOUGHT

6. Because all of Plaintiffs' claims have been dismissed pursuant, the *Lis Pendens* filed on the property should also expunged pursuant to Texas Property Code § 12.0071(c)(2). Defendants respectfully request that the Court order the *Lis Pendens* be expunged.

**MOTION TO EXPUNGE *LIS PENDENS***

7. As set forth above, Plaintiffs filed a Notice of *Lis Pendens* under Instrument No. 20140532603 of the Official Public Records of Harris County, Texas in an attempt to place a cloud on the title to the Property. Plaintiffs' *Lis Pendens* should be expunged because this Court and the 5th Circuit have determined that the Plaintiffs' claims lack merit.

8. Texas Property Code § 12.0071(a) provides that a party to an action in connection with which a notice of *lis pendens* has been filed may apply to the Court to expunge the notice. Texas Property Code § 12.0071(c)(2) provides that the Court ***shall*** order the notice of *lis pendens* be expunged if the Court determines that the claimant fails to establish by a preponderance of the evidence the validity of their real property claim. (emphasis added) Bank hereby incorporates, as if set forth fully verbatim, the evidence and legal arguments which are contained in the motion for summary judgment which this Court granted by entry of the Order. As evidenced by the summary judgment entered against Plaintiffs in both Huston I, Houston II and the 5th Circuit's opinion affirming summary judgment, Plaintiffs cannot establish the validity of their claim. As a result, and pursuant to Texas Property Code §12.0071(b)(2), the Motion to Expunge *Lis Pendens* must be granted.

9. February 9, 2015, the Bank served Plaintiffs' counsel with a copy of this Motion to Expunge. Texas Property Code § 12.0071(d) requires notice at least twenty (20) days prior to the Court's consideration of the Motion to Expunge.

WHEREFORE, PREMISES CONSIDERED, U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust 2007-WFHE4 respectfully prays that Plaintiffs' *Lis Pendens* filed on November 26, 2014 under Instrument No. 20140532603 in the Official Public Records of Harris County, Texas be expunged from the Official Public Records of Harris County, Texas

and for such other and further relief, at law or equity, to which U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust 2007-WFHE4 may show itself to be entitled.

    Respectfully submitted,

By: */s/ Richard A. Illmer*
    Richard A. Illmer
    State Bar No. 10388350
    rick.illmer@huschblackwell.com
    Joel M. Bagby
    State Bar No. 24063969
    joel.bagby@huschblackwell.com

**HUSCH BLACKWELL LLP**
2001 Ross Avenue, Suite 2000
Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 *facsimile*

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the foregoing was delivered to all counsel of record as shown below:

| | |
|---|---|
| _____ | Mail by certified mail, return receipt requested, postage prepaid, in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service; |
| _____ | Hand-delivered by courier receipted delivery; |
| _____ | Forwarded by next day receipted delivery service; |
| \_\_\_\_\_ | Communicated by telephonic document transfer to the recipient's current telecopier number; |
|   X   | Electronic Service via the Southern District of Texas Electronic Case Filing System (ECF). |

To:    Ralph D. Huston
          16519 Town Lake Court
          Houston, Texas 77059

on this 9th day of February 2015.                              */s/ Richard A. Illmer*
                                                                           Richard A. Illmer