UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| R<small>ALPH</small> D. H<small>USTON</small> & C<small>HRISTINA</small> H<small>USTON</small>, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | C<small>IVIL</small> A<small>CTION</small> H-12-3735 |
| | § | |
| U.S. B<small>ANK</small> N<small>ATIONAL</small> A<small>SSOCIATION</small>, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## O<small>RDER</small>

Pending before the court is defendants' motion to expunge the notice of lis pendens that plaintiffs placed on a property involved in a dispute between the parties. Dkt. 52. After considering the motion, the response (Dkt. 53), this court's order granting summary judgment in favor of defendants (Dkt. 42), and the subsequent appellate court decisions (Dkts. 51, 55), this court is of the opinion that the motion to expunge lis pendens should be GRANTED.

The court has reviewed the facts of this case and prior related cases in great detail in its order granting defendants' motion for summary judgment, and will not do so here. *See* Dkt. 42. Procedurally, after this court granted summary judgment in favor of defendants, including granting defendants' request for an order of foreclosure on plaintiffs' property, the Fifth Circuit Court of Appeals affirmed the decision. Dkt. 51. Subsequent to the Fifth Circuit's ruling, plaintiffs filed a notice of lis pendens on the property in dispute in the real property records of Harris County, Texas. Defendants filed a motion to expunge the lis pendens and plaintiffs responded. Dkts. 52–53. Most recently, plaintiffs' petition for a writ of certiorari to the United States Supreme Court was denied. Dkt. 55.

"'Lis pendens provides a mechanism for putting the public on notice of certain categories of litigation involving real property.'" *In re Moreno*, No. 14-14-00929-CV, 2015 WL 224049, at *2 (Tex. App.—Houston [14th Dist] Jan. 15, 2015 [mand. pending]) (quoting *Prappas v. Meyerland Cmty. Improvement Ass'n*, 795 S.W.2d 794, 794 (Tex. App.—Houston [14th Dist.] 1990, writ denied). A lis pendens may be filed with respect to a pending eminent domain proceeding or a lawsuit "involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property." *Id.* (citing Tex. Prop. Code Ann. § 12.007(a) (2013)). A party may also apply to expunge the notice of lis pendens. § 12.0071(a). The statute is clear that a "court shall order the notice of lis pendens expunged if the court determines that . . . the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim." § 12.0071(c). A dismissal with prejudice of a plaintiff's real property claims suffices as a ruling that the plaintiff cannot establish the validity of such a claim. *W&L Ventures, Inc. v. E. W. Bank*, no. H-13-00754, 2014 WL 3810692, at *2 (S.D. Tex. Aug. 1, 2014) (Rosenthal, J.).

Defendants assert that because plaintiffs' real property claims were denied with prejudice, plaintiffs have failed to establish the probable validity of their claim, and the court must expunge the lis pendens according to the Texas Property Code. Dkt. 52 at 4. The court agrees that the defendants have met the statutory elements required to expunge the notice of lis pendens.

Plaintiffs respond that 1) defendants do not have a "power of sale" to sell a liened property extrajudicially and that 2) plaintiffs will be deprived of their due process rights if the motion is granted because defendants will sell the property as soon as the motion is granted, precluding an adequate remedy (the property) for plaintiffs if their appeal is successful. Dkt. 53 at 2. Plaintiffs articulate the second concern in the form of several different constitutional-focused issues for the

court to resolve. However, plaintiffs conclude that they simply seek the opportunity to exhaust their appellate rights and remedies, and concede that if the appellate process provides no relief, the notice of lis pendens should be removed. Dkt. 53 at 12.

The court need not address plaintiffs' argument about whether a "power of sale" exists because it is not relevant to whether the court should grant the motion to expunge the notice of lis pendens. Further, the court need not address plaintiffs' constitutional-based arguments because they are moot. On March 31, 2015, the United States Supreme Court denied plaintiffs' petition for a writ of certiorari to review this court's decision. Dkt. 55. Plaintiffs have now exhausted their appellate review rights, the basis of their due process complaints, and the appeal was unsuccessful.

In conclusion, defendants have met the statutory elements that entitle them to an expunction of the notice of lis pendens. For the foregoing reasons, defendants' motion to expunge the notice of lis pendens (Dkt. 52) is **GRANTED**.

It is so **ORDERED**.

Signed at Houston, Texas on April 6, 2015.

_____
Gray H. Miller
United States District Judge